See: State ex rel. Lack v. Melton, 692 S.W.2d 302 (Mo. banc 1985).
Mr. Abe R. Paul Prosecuting Attorney McDonald County, Courthouse Pineville, Missouri 64856
Dear Mr. Paul:
This letter is in response to your question asking:
 "1. Does the County Court have authority to hire an additional clerical or stenographic assistant due to illness and incapacity of the elected Assessor.
 "1a. Does the County Assessor have authority to hire an additional clerk or deputy assistant to assume the duties or perform in the absence of the duly elected assessor who is incapacitated due to illness?"
You also state:
 "The elected assessor is presently incapacitated due to illness and unable to carry out the duties of his office. The County Court had, prior to his illness, budgeted for one deputy to assist him in the office at the assessor's request. The assessor has requested an additional sum of money in his current budget to hire another deputy to serve in his absence while he is out of his office."
McDonald County is a third class county. The applicable section is Section 53.071, RSMo Supp. 1975. Subsection 1 of that section provides in pertinent part as follows:
 ". . . each county assessor, except in counties of the first class, shall receive an annual salary for his services and shall, subject to the approval of the county court, appoint the additional clerks and deputies that he deems necessary for the prompt and proper discharge of the duties of his office. A portion of each county assessor's salary and of the salaries for his clerks and deputies shall be paid by the state in an amount equal to the sum paid by the state for assessor's, clerks', and deputies' compensation in that county in the year 1969, and the remainder of the assessor's salary and the salaries for his clerks and deputies shall be paid by his county. . . ."
It is our view that even though the assessor is incapacitated and the deputy in this instance would be hired to help in his absence, there is sufficient authority in the provisions of Section 53.071 for the assessor to hire such a deputy subject to the approval of the county court.
CONCLUSION
It is the opinion of this office that a county assessor in a third class county may appoint such clerks and deputies as he deems necessary subject to the approval of the county court.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General